IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-16-BO

| | |
|---|---|
| DANIEL L. SQUIRES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| CAROLYN COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 17 & 19]. A hearing on this matter was held in Elizabeth City, North Carolina on November 13, 2014 at 11:30 a.m. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and, accordingly, the judgment of the Commissioner is REVERSED.

## BACKGROUND

Plaintiff filed for disability insurance benefits and supplemental security income on August 6, 2010 alleging an onset date of April 20, 2010, when he suffered a closed head injury. The applications were denied initially and upon reconsideration. A hearing was held before an Administrative Law Judge ("ALJ"), on December 14, 2012. The ALJ issued a decision on April 5, 2013, finding that plaintiff was not disabled. The Appeals Council declined to review the ALJ's decision thereby making it the Commissioner's final decision for the purposes of judicial review. Plaintiff then commenced the instant action for judicial review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Plaintiff was 49 years old at the time of his alleged onset of disability. He worked for more than 20 years as a brick mason, however, plaintiff had no past relevant work based on earnings. [Tr. 26].

## **DISCUSSION**

Pursuant to the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the Commissioner's decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing *Richardson v. Pearles*, 402 U.S. 389, 390 (1971)). "'[S]upported by substantial evidence' means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Pearles*, 402 U.S. at 401). Regulations establish a five-step sequential evaluation process to be followed when determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520 and 416.920. "The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five." *Rogers v. Barnhart*, 216 Fed. App'x 345, 348 (4th Cir. 2007) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

Here the ALJ found that plaintiff had a residual functional capacity ("RFC") to perform unskilled, low-stress light work involving no interaction with the general public. [Tr. 22]. The ALJ also found that "[t]he work must accompany a functionally illiterate person where the claimant would be required to receive all of his instruction verbally, rather than in writing." [Tr. 22]. The ALJ then found that plaintiff could perform the jobs of housekeeper, garment bagger, and small production assembler. [Tr. 26].

The plaintiff asserts that the ALJ erred by improperly applying the Medical Vocational Guidelines ("GRIDS"). At the time the ALJ denied plaintiff's claim, he was 52 years old.

2

Because the ALJ found that plaintiff was limited to less than the full range of light work, that he was illiterate, and that he had no past relevant work, it was error for the ALJ to find plaintiff not disabled as of his 50th birthday, January 24, 2011, because grid rule 202.09 directs a finding of disabled for such an individual. 20 C.F.R. Pt. 404, Subpt. P, App'x II § 202.09. Therefore the decision of the ALJ must be reversed for the time period from January 24, 2011 forward.

Because the ALJ failed to correctly apply the GRIDS, he did not consider whether a non-mechanical application of the GRIDS was appropriate to be applied to the time period between plaintiff's onset date of April 20, 2010 to January 23, 2011, while plaintiff was only 49 years old. Although the evidence strongly suggests that this is a case in which a non-mechanical application of the GRIDS would be appropriate, this Court should not make that determination in the first instance. *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (insufficient legal analysis by ALJ requires remand). Accordingly, the Court remands this matter to the Agency for consideration of non-mechanical application of the GRIDS for the time period between April 20, 2010 and January 23, 2011.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, defendant's motion for judgment on the pleadings is DENIED, and the decision of the Commissioner is REVERSED. Accordingly, this case is REMANDED for consideration of non-mechanical application of the GRIDS for the time period between April 20, 2010 and January 23, 2011 and for an award of benefits from January 24, 2011 forward consistent with this Order.

SO ORDERED.

This 20 day of November, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE